UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL AVILA CRUZ,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT,<br>Respondent. | Case No. 1:26-cv-4749-DJC-JDP<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner was admitted to the United States in 2020 on a visitor visa. He is married to a U.S. citizen and currently has petitions pending to adjust his status. In February 2026, petitioner was arrested by local authorities for a hit and run and other related charges. ICE took him into immigration custody following his release from jail. Petitioner, proceeding in pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241. For the following reasons, I recommend that the petition be granted and that petitioner be provided a bond hearing where the government bears the burden of proving that he is a flight risk or a danger.

**Background**

On February 11, 2020, immigration authorities admitted petitioner to the United States on a B2 visitor visa. ECF No. 10-1 at 3. Petitioner remained in the United States beyond the expiration of that visa on August 10, 2020. *Id.* Petitioner's U.S. citizen wife filed a Form I-130, petition for alien relative, on his behalf. *Id.*; ECF No. 1 at 6. Petitioner has filed a Form I-485,

application to adjust his status to that of a lawful permanent resident. ECF No. 10-1 at 3. Both petitions are pending. *Id.* Petitioner received a social security number and work authorization. ECF No. 1 at 6.

On February 9, 2026, petitioner was arrested for driving while under the influence, a hit and run accident, and related charges. ECF No. 10-1 at 4. ICE took petitioner into custody on February 10, 2026, upon his release from the local jail. *Id.* at 3. The case was filed on March 17, 2026, and is still pending. *Id.* at 10-13. Petitioner received a bond hearing in immigration court on March 30, 2026. *Id.* at 15. The court denied bond, finding that petitioner presented a danger based on the hit and run arrest. *Id.*

**Procedural History**

On May 4, 2026, petitioner filed a petition for writ of habeas corpus through counsel in No. 1:26-cv-3423-DJC-JDP, requesting that the court order his transfer to Florida so that he could address the pending state charge. The court denied the petition on July 16, 2026. No. 1:26-cv-3423-DJC-JDP, ECF No. 12.

Petitioner filed the instant petition for writ of habeas corpus on June 22, 2026. ECF No. 1. On July 15, 2026, respondent moved to dismiss the petition. ECF No. 10. Although I ordered that petitioner must file an opposition or statement of non-opposition within seven days of service of respondent's motion, petitioner has not filed a response. *See* ECF No. 8 at 2. However, it bears mention that petitioner is representing himself while in custody. Under these circumstances, I do not construe petitioner's failure to file an opposition as a non-opposition to respondent's motion. *See* E.D. Cal. L.R. 230(c).

On August 6, 2026, petitioner filed another petition for writ of habeas corpus in No. 1:26-cv-6261-DJC-JDP. On October 16, 2026, the court dismissed that petition as successive. No. 1:26-cv-6261-DJC-JDP, ECF No. 9.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of

that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner claims that his arrest by ICE and his imprisonment since that arrest violate his right to due process.[1] ECF No. 1 at 6. Respondent has moved to dismiss the petition on the basis that petitioner has received procedural due process in the form of the bond hearing he received in immigration court and that he has not exhausted administrative remedies by appealing the denial of bond. ECF No. 10 at 2-3.

"The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). Notably, "an exception to the exhaustion requirement has been carved for constitutional challenges to the Immigration and Naturalization Act and INS procedures because the BIA does not have jurisdiction to determine the constitutionality of the statutes it administers." *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (cleaned up). Petitioner has brought a constitutional challenge to his detention. As such, his claim falls within the exception to the exhaustion requirement. *See id*.

Courts consider due process claims by, first, determining whether there exists a protected liberty interest under the Due Process Clause, and, second, evaluating what procedures are necessary to ensure that any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). I consider

[1] Petitioner's pro se filing is entitled to liberal construction. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Charan S. v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-3017-TLN-JDP, 2026 WL 1144158, at *1 n.1 (E.D. Cal. Apr. 28, 2026) (applying liberal construction to pro se immigration habeas filing).

each in turn.

Courts in this District have previously held that "noncitizens admitted to the United States pursuant to a visa, but not detained within a reasonable time after the expiration of their lawful status, develop a vested liberty interest in remaining free from detention such that due process forbids the government from detaining the noncitizen unless they are first provided with adequate notice and a pre-deprivation hearing before a neutral arbiter at which bond must be considered." *See Oliveira Tinoco v. Albarran*, No. 1:26-cv-5505-DC-CKD, 2026 WL 2949219, at *5-7 (E.D. Cal. Oct. 1, 2026) (granting motion for temporary restraining order and petition for a writ of habeas corpus on due process grounds, and ordering that the petitioner who had overstayed her visa be returned to the status quo ante litem); *Kaur v. Chestnut*, No. 1:26-cv-5349-DC-CSK, 2026 WL 2790742, at *1 (E.D. Cal. Sept. 17, 2026) (adopting findings and recommendations, granting petition for a writ of habeas corpus on due process grounds, and ordering that the petitioner who had overstayed their visa be released immediately); *Zhou v. Warden, Cal. City Immigr. Processing Ctr.*, No. 1:26-cv-5774-DC-CSK, 2026 WL 2825584, at *1 (E.D. Cal. Sept. 21, 2026) (same); *Duran A.H. v. Warden of the Cent. Valley Annex Det. Facility*, No. 1:26-cv-7074-TLN-SCR, 2026 WL 2731293, at *2 (E.D. Cal. Sept. 16, 2026) (granting petition for a writ of habeas corpus on due process grounds for the petitioner who had overstayed his visa) ; *G.C. v. Andrews*, No. 1:26-cv-0874-TLN-SCR, 2026 WL 2334141, at *1 (E.D. Cal. Aug. 12, 2026) (same); *G.E. v. Warden of California City Corr. Ctr.*, No. 1:26-cv4311-TLN-JDP, 2026 WL 1733703, at *3 (E.D. Cal. June 16, 2026) (same); *Kalkan v. Chestnut*, No. 1:26-cv-2026-DAD-EFB, 2026 WL 788112, at *1 (E.D. Cal Mar. 20, 2026) (granting preliminary injunction on due process grounds where the petitioner entered on a visa, overstayed it, and applied for asylum such that immigration authorities were aware of his presence); *Torrealba Carrasquel v. Warden, California City Immigr. Processing Ctr.*, No. 1:26-cv-6867-DAD-JDP, 2026 WL 2621102, at *2 (E.D. Cal. Sept. 4, 2026) (granting petition for a writ of habeas corpus on due process grounds on the same basis).

For the reasons set forth in those cases, I find that petitioner developed a vested liberty interest in remaining free from detention during the years since he entered the United States on

visa, married a U.S. citizen, applied for various forms of immigration protection, and was granted employment authorization and a social security number by immigration authorities. Accordingly, I must next determine what procedural protections the government should have afforded petitioner before depriving him of that liberty interest. This requires balancing the factors laid out in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). *See Hernandez v. Sessions*, 872 F.3d 976, 993 (9th Cir. 2017) (applying *Mathews* factors in immigration detention context).

The *Mathews* test requires courts to consider:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 335.

First, petitioner has a significant private interest in his continued release. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690.

Second, the risk of erroneous deprivation without a bond hearing is high. Absent a constitutionally compliant pre-deprivation bond hearing in front of a neutral arbiter, the risk of erroneous deprivation is high given the possibility that petitioner's detention will not be pursuant to a valid state interest. *See Omer G.G. v. Kaiser*, No. 1:25-cv-1471-KES-SAB, 2025 WL 3254999, at *7 (E.D. Cal. Nov. 22, 2025) ("Civil immigration detention, which is 'nonpunitive in purpose and effect[,]' is justified when a noncitizen presents a risk of flight or danger to the community.") (quoting *Zadvydas*, 533 U.S. at 690).

"Third, the Government's interest in detaining Petitioner without . . . a hearing is 'low.'" *Salazar v. Casey*, No. 25-cv-2784-JLS, 2025 WL 3063629, at *5 (S.D. Cal. Nov. 3, 2025) (citation omitted). "In immigration court, custody hearings are routine and impose a 'minimal' cost." *Carballo v. Andrews*, No. 1:25-cv-0978-KES-EPG, 2025 WL 2381464, at *8 (E.D. Cal. Aug. 15, 2025) (quoting *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025)).

Accordingly, a consideration of the *Mathews* factors demonstrates that petitioner's detention without a constitutionally sufficient pre-deprivation hearing violated his due process rights. That liberty interest "could not be revoked absent notice and a pre-deprivation hearing before a neutral arbiter." *Olivera Tinoco*, 2026 WL 2949219, at *4. Although petitioner received a post-deprivation bond hearing under section 1226(a), that hearing placed the burden of proof on petitioner. *See Matter of Siniauskas*, 27 I. & N. Dec. 207, 207 (BIA 2018) ("An alien in a custody determination under . . . 8 U.S.C. § 1226(a), must establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger. . . ."). Accordingly, petitioner has not received a constitutionally sufficient bond hearing. *See Martinez v. Clark*, 124 F.4th 775, 780 (9th Cir. 2024) (procedural due process requires a bond hearing where the government bears the burden to prove by clear and convincing evidence that petitioner is a danger or a flight risk); *Lopez v. Garland*, 631 F. Supp. 3d 870, 882 n.9 (E.D. Cal. 2022) (collecting cases).

Given this finding, I must determine the appropriate remedy. Petitioner seeks immediate release. ECF No. 1 at 8. Respondent claims that petitioner is lawfully detained and does not address petitioner's request for immediate release. *See* ECF No. 17.

The Supreme Court has recognized that "[h]abeas is at its core a remedy for unlawful executive detention," and the "typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure *release* from unlawful detention."). To satisfy due process, "the Court usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (emphasis in original). Courts have found that a pre-deprivation hearing is still required where the petitioner is initially arrested by local law enforcement and then transferred to ICE custody. *See Adamchuk v. Casey*, No. 3:26-cv-1149-RBM-VET, 2026 WL 785532, at *1-2 (S.D. Cal. Mar. 20, 2026). However, there may be situations that require the "necessity of quick action," in which case a prompt post-deprivation hearing is appropriate. *Zinermon*, 494 U.S. at 128 (to forego a pre-deprivation hearing, respondent must show "the

necessity of quick action").

The Supreme Court has also observed, however, that "release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted." *Boumediene v. Bush*, 553 U.S. 723, 779 (2008). "Indeed, common-law habeas corpus was, above all, an adaptable remedy. Its precise application and scope changed depending upon the circumstances." *Id.*; *see also Carafas v. LaVallee*, 391 U.S. 234, 239 (1968) (The federal habeas statute "does not limit the relief that may be granted to discharge of the applicant from physical custody.").

Under the circumstances presented, I recommend that a constitutionally sufficient bond hearing be ordered. Petitioner was arrested for a hit and run accident by local authorities in February 2026 and then released into ICE custody. While this evidence might prove insufficient for the immigration judge to deny bond when the burden is properly placed on the government, it is sufficient to support the finding that "due process is satisfied if [p]etitioner is provided with a post-deprivation bond hearing." *See Archundia v. Wofford*, No. 1:26-cv-1452-DJC-CSK, 2026 WL 607977, at *2 (E.D. Cal. Mar. 4, 2026) (finding a bond hearing to be the proper remedy where petitioner was previously arrested for "allegedly engaging in prostitution").

**Conclusion**

Accordingly, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2. Within seven days of this order, petitioner (A-Number: 233-948-949) be provided a constitutionally sufficient bond hearing before a neutral adjudicator. Within 24 hours of the filing of the court's order, respondent shall personally serve petitioner with the court's order and file proof of such service on the docket. At this hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that petitioner poses a danger to the community or a risk of flight, and petitioner shall be allowed to have counsel present.

3. Respondent's motion to dismiss, ECF No. 10, be DENIED.

4. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within three days of

service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned “Objections to Magistrate Judge’s Findings and Recommendations,” and any response shall be served and filed within three days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court’s order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: November 9, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE